UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                  Case No. 05-CR-321

ARTHUR W. EITH,

    Defendant.

**DECISION AND ORDER RE: DEFENDANT'S PRETRIAL MOTIONS**

On December 20, 2005, a federal grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment naming Arthur W. Eith ("Eith") as defendant. All three counts charge Eith with knowingly and intentionally defrauding Marshal & Ilsley Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of Title 18 U.S.C. § 1344(1). On September 27, 2006, the defendant was arraigned and the court entered a plea of not guilty to all three counts. A trial is currently scheduled to commence on December 26, 2006 before the Honorable Lynn Adelman, with a final pretrial conference scheduled to be conducted before Judge Adelman on December 15, 2006.

In accordance with the pretrial briefing schedule issued in this matter, on October 18, 2006, Eith filed (1) a demand for discovery,[1] (2) a motion for immediate disclosure of favorable evidence, (3) a motion for continued discovery and inspection, (4) a motion to preserve investigator's notes, and (5) a request for notice of government's intention to use evidence. According to the pretrial

---

[1] The defendant's demand for discovery requires no action by this court.

briefing schedule issued in this matter, the government's response to the defendant's motions was to be filed on or before October 27, 2006. As of today's date, the government has not responded to the defendant's motions and request. Consequently, the defendant's motions and request are ready for resolution. For the reasons which follow, the defendant's motions for immediate disclosure of favorable evidence and continued discovery and inspection will be denied as moot, the defendant's request for notice of government's intention to use evidence will be granted in part and denied in part, and the defendant's motion to preserve investigator's notes will be granted.

At the defendant's arraignment the government indicated that it would be following its open file policy pursuant to Criminal Local Rule 16.1. And, pursuant to Criminal Local Rule 16.1,

> [i]f the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed.R.Crim.P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

(Crim. L.R. 16.1). Here, the defendant did not provide such a statement with his motions for discovery. For that reason alone, denial of the defendant's motions for immediate disclosure of favorable evidence and continued discovery and inspection is appropriate.

In his motion for immediate disclosure of favorable evidence, the defendant seeks, among other things, the disclosure of any evidence "which is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or which bears upon the credibility of a government witness, or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial." (Mot. for Immediate

Disclosure of Favorable Evidence at 1-2.) However, as previously stated, the government has indicated that it is following its open file policy in this case. And, Criminal Local Rule 16.1(b) provides in pertinent part that,

> "open file policy" means disclosure without defense motion of all information and materials listed in Fed. R. Crim. P 16(a)(1)(A), (B), and (D); upon defense request, material listed in Fed. R. Crim. P. 16(a)(1)(C); material disclosable under 18 U.S.C. § 3500 other than grand jury transcripts; reports of interviews with witnesses the government intends to call in its case-in-chief relating to the subject matter of the testimony of the witness; relevant substantive investigative reports; and all exculpatory material.

Thus, in short, pursuant to the open file policy, Eith has received, or will receive, all of the material that he is entitled to by law and/or local rule. Accordingly, because Eith has not alleged that the government has failed to follow its open file policy, the court need not take any action with respect to the defendant's motion for immediate disclosure of favorable evidence or his motion for continued discovery and inspection at this time. Such being the case, the defendant's motion for immediate disclosure of favorable evidence and the defendant's motion for continued discovery and inspection will be denied as moot.

The defendant has also filed a request for notice of the government's intention to use evidence. In his request, the defendant moves the court for an order directing the government to supply defense counsel with an inventory of the evidence it intends to introduce at trial. Yet, given that the government is following its open file policy in this case and that the defendant has not alleged that the government has failed in its obligation to follow such policy, I find it unnecessary to order the government to provide defense counsel an inventory of the evidence it intends to introduce at trial. Thus, that part of the defendant's request will be denied.

In the request, however, the defendant also requests an order that the government provide notice two (2) weeks prior to trial of its intention to introduce any evidence of other crimes, wrongs, or acts of the defendant as that phrase is used in Federal Rule of Evidence 404(b). Pursuant to Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is admissible for certain purposes "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b).

The government did not respond to the defendant's request. Thus, the court does not know whether the government is intending to introduce any Rule 404(b) evidence against the defendant. Be that as it may, the government will be required to disclose, at least two (2) weeks prior to trial, any evidence of other crimes, wrongs, or acts that it intends to introduce at trial. Moreover, the court notes that the notice requirement of Rule 404(b) also extends to evidence the government plans to use during cross-examination and for rebuttal. Fed. R. Evid. 404(b) Advisory Committee Notes; *see also United States v. Antonelli*, 1998 WL 259526, at *1 (N.D. Ill. 1998). And, while the government need not, of course, disclose evidence it does not yet intend to use, it should be aware of its continuing obligation to disclose other acts evidence in a timely fashion (including during trial, if that is when the need to introduce such evidence becomes apparent) in accordance with Rule 404(b).

In sum, the government must disclose, at least two (2) weeks prior to trial, evidence of other crimes, wrongs, or acts it intends to introduce during its case-in-chief, cross-examination, impeachment, or for possible rebuttal. The government must also fulfill its continuing obligation to provide adequate notice if, during the trial, it determines that it is necessary to introduce additional

4

other acts evidence. Consequently, and for all of the foregoing reasons, Eith's "Request for Notice of Government's Intention to Use Evidence" will be granted in part and denied in part.

There is one final matter to address. Eith has filed a motion to preserve investigator's notes, to which the government has not responded. Such being the case, I have not been presented any reason as to why I should not grant the defendant's motion to preserve investigator's notes. Consequently, the defendant's motion to preserve investigator's notes will be granted.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for immediate disclosure of favorable evidence (dkt. #11), and the defendant's motion for continued discovery and inspection (dkt. #12) be and hereby are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's request for notice of government's intention to use evidence (dkt. #15) be and hereby is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that the government disclose, at least two (2) weeks prior to trial, any evidence of other crimes, wrongs, or acts that it intends to introduce pursuant to Federal Rule of Evidence 404(b) at trial;

**IT IS FURTHER ORDERED** that the defendant's motion to preserve investigator's notes (dkt. #13) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the government advise all government law enforcement officers and all personnel of any federal, municipal, county, or state agency or subdivision thereof who investigated the charges in this action to retain and preserve all rough notes, notwithstanding whether the contents of those notes are incorporated in official records.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 1st day of November 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge