# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

   v.                                          **Case No. 05-CR-321**

**ARTHUR EITH**
       **Defendant.**

## DECISION AND ORDER

The government charged defendant Arthur Eith with three counts of bank fraud arising out of his sale of cows pledged as collateral for a loan received by his wife from M & I Bank. Defendant moves to dismiss, arguing that (1) the sale of cows amounts to conversion rather than bank fraud and (2) the three counts – each representing a separate sale of cows – are multiplicitous. I address each argument in turn.

## I.

In ruling on a motion to dismiss, the court may not test the strength of the government's evidence. Rather, it determines whether the indictment is sufficient to allege an offense. See United States v. Sampson, 371 U.S. 75, 78-79 (1962). An indictment is sufficient if it (1) states each of the elements of the crime charged, (2) provides adequate notice of the nature of the charges so that the accused may prepare a defense, and (3) allows the defendant to raise the judgment as a bar to future prosecutions for the same offense. United States v. Fassnacht, 332 F.3d 440, 444-45 (7th Cir. 2003).

The present indictment sufficiently alleges that defendant committed bank fraud. The elements of bank fraud are (1) that there was a scheme to defraud a bank by means of false

or fraudulent pretenses, representations or promises as charged in the indictment; (2) that the defendant executed the scheme; (3) that the defendant did so knowingly and with the intent to defraud; (4) that the scheme involved material misrepresentations; and (5) that at the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation. See Federal Criminal Jury Instructions of the Seventh Circuit 266 (1999); see also Murphy v. United States, 282 F.3d 940, 942 (7th Cir. 2002) (stating that "materiality is an element of the federal mail, wire, and bank fraud statutes"). As is pertinent to defendant's argument, the indictment specifically alleges that defendant "sold cows, concealed the sales, and materially misrepresented the status of the herd to M&I Bank." (Indictment at 2 ¶ 5.) Thus, the indictment alleges not just that defendant sold the cows securing the loan, but that he thereafter made material misrepresentations about the cows to the bank. See United States v. Milne, 384 F. Supp. 2d 1309, 1309 (E.D. Wis. 2005) (discussing bank fraud scheme in which the defendant sold collateral for a business loan then made false representations to the bank about his inventory); see also United States v. Chevalier, 1 F.3d 581, 582-83 (7th Cir. 1993) (describing a similar scheme involving misrepresentations about collateral); United States v. Matousek, 894 F.2d 1012, 1013-14 (8th Cir. 1990) (rejecting argument that similar conduct involving collateral amounted only to breach of the security agreement rather than bank fraud).

## II.

"'Multiplicity is the charging of a single offense in separate counts of an indictment.'" United States v. Starks, 472 F.3d 466, 468-69 (7th Cir. 2006) (quoting United States v. Allender, 62 F.3d 909, 912 (7th Cir. 1995)). "Multiplicity in an indictment exposes a defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." Id. at 469. In order to determine whether a given

2

indictment contains multiplicitous counts, the court examines the applicable criminal statute to see what the allowable "unit of prosecution" is, i.e. the minimum amount of activity for which criminal liability attaches. Allender, 62 F.3d at 912 (citing United States v. Song, 934 F.2d 105, 108 (7th Cir. 1991)). In bank fraud cases, each "execution" of the scheme to defraud, rather than a mere act in furtherance of the scheme, constitutes a separate violation of 18 U.S.C. § 1344. Id.

> Determining exactly what constitutes an "execution" of a scheme can be difficult and generally depends on the facts of each case. While there is not a great deal of guidance on this issue, courts have consistently held that a separate execution must be chronologically and substantively independent and not dependent on another for its existence.

Id. (internal citations omitted).

The present indictment is not multiplicitous. Each count represents a separate sale of cows, which in turn "created a new and independent risk for the lending institution." Id. at 913. Although the bank transmitted no additional funds with each sale, each such sale "nevertheless . . . deprived the [bank] of an opportunity for reimbursement through foreclosure." Id. (citing United States v. Longfellow, 43 F.3d 318, 322-25 (7th Cir. 1994)). That is, each time defendant sold cows the bank was exposed to further risk, which it could not ameliorate by seizing the collateral pledged to secure the loan. Further, each sale was chronologically independent of the others; the sales occurred on separate dates and involved different buyers;[1] and, so far as the record shows, none of the sales was dependant on the others. The fact that the fraud affected just one victim-bank or pertained to a single loan does not change the analysis. See Longfellow, 43 F.3d at 325.

---

[1] Count one alleges a sale to R.N. on 4/22/02, count two a sale to C.P. on 5/6/02, and count three a sale to R.R. between 5/15/02 and 5/29/02. (Indictment at 3 ¶ 6.)

3

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motions to dismiss (R. 22, 24) are **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of June, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge